FILED
U.S. DISTRICT COURT
DISTRICT OF MARYLAND

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND  2017 FEB 22  PM 12: 5~

CLERK'S OFFICE
AT BALTIMORE

TAVON MEALY, #406970                          *
     Petitioner,                             BY_____DEPUTY

v.                                           *     CIVIL ACTION NO. RDB-16-3857

FRANK B. BISHOP, JR., *et al.*                *
     Respondents.

*****

## MEMORANDUM OPINION

Petitioner Tavon Mealy, an inmate confined at the North Branch Correctional Institution in Cumberland, Maryland, has filed a Petition for Habeas Corpus pursuant to 28 U.S.C. § 2254. For reasons set forth below, the Petition shall be DENIED and DISMISSED as time-barred.

## BACKGROUND

On December 1, 2016, Mealy filed a self-represented, fee-paid Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The petition is signed on an unspecified November, 2016 date and the envelope in which it was mailed is not franked. Although the Court cannot make a definitive determination as to the filing date of the Petition, affording the document a generous construction, it shall be deemed filed as of November 1, 2016. *See Houston v. Lack*, 487 U.S. 266, 270-76 (1988); *United States v. McNeill*, 523 Fed. Appx. 979, 983 (4th Cir. 2013); *United States v. Dorsey*, 988 F. Supp. 917, 919-920 (D. Md. 1998) (holding a petition shall be deemed to have been filed on the date it was deposited with prison authorities for mailing under the "prison mailbox" rule.)

The Petition challenges Mealy's 2013 conviction in the Circuit Court for Baltimore County on third-degree burglary. On December 2, 2016, the Court issued an Order requiring Respondents to file an answer to the Petition within forty days and granted Mealy thirty days to

file a reply.  Respondents filed a Limited Answer to the Petition on January 10, 2017, seeking

dismissal of the Petition premised on the argument that Mealy's claims are time-barred.  Mealy

has not filed a reply.

## DISCUSSION

### I.  Petition

According to the state court docket, Mealy was indicted in August of 2009.  In January of

2010, an Order of Probation was entered. ECF No. 4-1.  In May of 2011, a petition for violation

of probation and bench warrant was issued.  On February 28, 2013, the Circuit Court for

Baltimore County revoked Mealy's probation in his third-degree burglary conviction and

imposed a six-year sentence.  *Id.*  Mealy did not appeal that judgment.  Therefore, the judgment

became final on April 1, 2013.  *See* Md. Rule 8-204 (application for leave to appeal is to be filed

within 30 days of the date judgment from which leave to appeal is sought).

Approximately eighteen months later on September 30, 2014, Mealy filed a petition for

post-conviction relief in the Circuit Court for Baltimore County.  ECF No. 4-1.  On March 18,

2016, post-conviction proceedings were resolved by a joint motion.  On June 7, 2016, Mealy

filed a motion for modification of sentence that remains pending before the Circuit Court.  *Id.*

Respondents argue that Mealy's Petition is untimely as his conviction became final for

direct appeal purposes on April 1, 2013, and more than one year expired before he initiated post-

conviction proceedings on September 30, 2014.  Mealy offers no reply to argue equitable tolling.

### A. Limitations Period

A one-year statute of limitations applies to habeas petitions in non-capital cases for a

person convicted in state court.  See 28 U.S.C. § 2244(d).  Section 2244(d) provides that:

(1)     A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of-

(A)     the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)     the date on which the impediment to filing an application created by State action in violation of the constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C)     the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)     the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2)     the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Mealy's 2013 conviction became final on April 1, 2013. He did not file a post-conviction petition during the subsequent one-year period.  Indeed, his filing of a collateral review petition did not occur until approximately eighteen months later on September 30, 2014.  Therefore, he allowed the one-year limitations' period to run unimpeded. His Petition is time-barred.

It is true that under certain circumstances the AEDPA's statute of limitations may be subject to equitable tolling. *See, e.g., Harris v. Hutchinson,* 209 F.3d 325, 328 (4th Cir. 2000); *United States v. Prescott,* 221 F.3d 686, 687-88 (4th Cir. 2000); *see also Wall v. Kholi,* 562 U.S. 545, 549 (2011).  The Fourth Circuit has consistently held that a party seeking to avail itself of equitable tolling must show that (1) extraordinary circumstances, (2) beyond his control or

external to his own conduct, (3) prevented him from filing on time. *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*). Further, to be entitled to equitable tolling a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 560 U.S. 631, 649 (2010), citing *Pace v. DiGulielmo*, 544 U.S. 408, 418 (2005).

Mealy has failed to make such a showing and has otherwise failed to demonstrate any ground on which equitable tolling applies. His petition for habeas corpus relief is time-barred under 28 U.S.C. § 2244(d)(1)(A-D) and shall be dismissed and denied with prejudice.

### B. Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases provides that the district court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant" in such cases. Because the accompanying Order is a final order adverse to the applicant, 28 U.S.C. § 2253(c)(1) requires issuance of a certificate of appealability before an apppeal can proceed.

A certificate of appealability may issue if the prisoner has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a district court rejects constitutional claims on the merits, a petitioner satisfies the standard by demonstrating that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When a petition is denied on procedural grounds, the petitioner meets the standard with a showing that reasonable jurists "would find it debatable whether the petition states a valid claim of the denial of a constitutional right" and "whether the district court was correct in its procedural ruling," *Id*. at 478.

Mealy's claims are dismissed on procedural grounds, and, upon review of the record, this Court finds that he has not made the requisite showing under *Slack*. The Court therefore declines to issue a certificate of appealability. Mealy may still request that the United States Court of Appeals for the Fourth Circuit issue such a certificate. *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003) (considering whether to grant a certificate of appealability after the district court declined to issue one).

## CONCLUSION

For the foregoing reasons, the Court dismisses the Petition for Writ of Habeas Corpus with prejudice as time-barred and declines to issue a Certificate of Appealability. A separate Order shall issue.

Date: February 21, 2017

RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE